

## NUMBER 13-16-00467-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

### IN RE CRYSTAL LUNA

### On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

**Before Justices Rodriguez, Benavides, and Perkes**
**Memorandum Opinion by Justice Perkes[1]**

Relator Crystal Luna filed a petition for writ of mandamus in the above cause on August 22, 2016 seeking to compel the trial court to grant the deposition of a representative of the opposing party, State Farm Mutual Automobile Insurance Company

---

[1] *See* Tex. R. App. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so.  When granting relief, the court must hand down an opinion as in any other case."); Tex. R. App. P. 47.4 (distinguishing opinions and memorandum opinions).

(State Farm).[2]  We conditionally grant the petition for writ of mandamus.

## I. BACKGROUND

Luna brought suit against Armando Antunez alleging that he was an uninsured, intoxicated driver who caused an automobile accident resulting in her severe personal injuries.  Luna further alleged that she was a covered individual under her automobile insurance policy with State Farm, and her policy included uninsured motorist (UM/UIM) coverage.[3]  As will be described in more detail below, Luna's causes of action regarding the motor vehicle accident have been splintered into three separate trial court cases.  In general, these three separate trial court cases, all pending in the County Court at Law Number Three of Nueces County, Texas, consist of:  (1) the original lawsuit instituted in 2009 in cause number 09-62091-3, in which Luna brought suit against Antunez and State Farm for personal injuries sustained in the automobile accident and uninsured motorist coverage; (2) a severed lawsuit in cause number 10-60268-3 containing Luna's contractual claims against State Farm; and (3) another severed lawsuit in cause number 2016-CCV-61472-3 containing Luna's extra-contractual claims against State Farm.  The original lawsuit in cause number 09-62091-3 was resolved in Luna's favor through a default judgment against Antunez.  The lawsuit in cause number 10-60268-3 containing Luna's contractual claims against State Farm remains pending and gives rise to this

---

[2] This petition for writ of mandamus arises from trial court cause number 10-60268-3 in the County Court at Law Number Three of Nueces County, and the respondent in this original proceeding is the Honorable Deeanne Galvan.  *See* TEX. R. APP. P. 52.2.

[3] Under the insurance code, "uninsured or underinsured motorist coverage" means the provisions of an automobile liability insurance policy that provide for coverage in at least the limits prescribed by the transportation code that protects insureds who are legally entitled to recover damages for bodily injury, sickness, disease, or death, or property damage resulting from the ownership, maintenance, or use of any motor vehicle from owners or operators of uninsured or underinsured motor vehicles.  TEX. INS. CODE ANN. § 1952.101 (West, Westlaw through 2015 R.S.).

2

original proceeding. The lawsuit containing Luna's extra-contractual claims against State Farm has been abated.[4]

In the original cause number, the parties stipulated that: on the date of the accident at issue in this lawsuit, Luna was a covered person under State Farm's policy number 0925-632-SJC; the State Farm policy was in effect on the date of the accident at issue in this lawsuit; and Antunez did not have a policy of automobile insurance in effect on the date of the accident made the basis of this suit. *See* TEX. R. CIV. P. 11.

On November 8, 2011, in the original cause number, the trial court granted State Farm's motion to quash Luna's efforts to depose a corporate representative for State Farm. In 2013, Luna filed a motion to compel with regard to the deposition, but did not pursue the motion to hearing or ruling. After the trial court rendered judgment in favor of Luna and against Antunez in 2015, the trial court lifted an abatement of the contractual case against State Farm and the underlying UM/UIM case proceeded. In May 2016, the parties entered into a Rule 11 agreement that "discovery properly conducted" in cause

---

[4] The original cause number 09-62091-00-0-3 was first-filed in 2009 and predominantly concerned Luna's personal injury claims against Antunez. On February 4, 2010, the trial court severed all of Luna's "non-contractual claims—including claims for breach of the contracts, breach of the duty of good faith and fair dealing, and violations of the Texas Insurance Code and DTPA" against State Farm from her "contractual claims for policy benefits" and placed those claims into cause number 10-60268-3. On November 15, 2011, the trial court granted State Farm's motion to quash the deposition of its corporate representative. On January 20, 2012, the trial court granted Luna's nonsuit of her causes of action as to State Farm. On March 18, 2013, the trial court again entered an order of severance which appears somewhat duplicative: the order severed, transferred, and abated Luna's claims for declaratory relief and her non-contractual claims against State Farm and consolidated those claims with cause number 10-60268-3. According to that order, cause 10-60268-3 remained abated. On November 1, 2013, the trial court granted Luna's motion for nonsuit and dismissed the case without prejudice as to State Farm only. On June 15, 2015, the trial court entered a final judgment in Luna's favor, and on July 21, 2015, the trial court entered a corrected nunc pro tunc judgment.

Trial court cause number 10-60268-3 was abated from its inception on February 4, 2010 until June 2, 2016 when the trial court granted an agreed order to lift the abatement, and that same day, severed Luna's extra-contractual claims, placed them into 2016-CCV-61472-3, and abated them. By agreement entered pursuant to Rule 11 of the Texas Rules of Civil Procedure, the parties agreed that certain actions, such as the amendment of pleadings and a docket control conference, would not be objected to as having occurred during the abatement. *See* TEX. R. CIV. P. 11.

number 09-62091-3 "is valid" in cause number 10-60268-3 and "[a]ll discovery properly conducted pursuant to the Texas Rules of Civil Procedure under Cause No. 09-62091-3 shall be usable at the trial of Cause No. 10-60268-3." Pursuant to the briefing in this original proceeding, it appears that the parties have treated their stipulation as falling within this agreement. On June 2, 2016, the trial court entered an agreed order which lifted the abatement of cause number 10-60268-3.

In cause number 10-60268-3, on June 6, 2016, Luna contacted State Farm and requested to take the deposition of a corporate representative. Luna's request ultimately led to this petition for writ of mandamus, which relates exclusively to Luna's contractual claims against State Farm under cause number 10-60268-3. State Farm informed her that the trial court had already denied her request for the deposition of a corporate representative by written order on November 15, 2011 in the original cause number. Notwithstanding this, on June 17, 2016, Luna filed a notice of deposition for the corporate representative of State Farm. On June 20, 2016, Luna served an amended notice of deposition for the corporate representative for State Farm. The amended notice requested the deposition of the representative "having the most knowledge regarding the following areas which [are] the basis of this lawsuit" including: (1) the damage sustained by all vehicles involved in the collision at issue; (2) whether Antunez was an uninsured motorist at the time of the collision; (3) whether Antunez was driving an uninsured vehicle at the time of the collision; (4) State Farm's contention that Fred Ochoa Sr. was a responsible third party with regard to this collision; (5) State Farm's contention that Luna "has failed to comply with all conditions precedent to recovery, including the failure to obtain a legal determination of the existence and amount of liability, if any, of the owner

4

or operator of the allegedly uninsured motor vehicle"; (6) whether the term "uninsured motor vehicle" is correctly defined in the State Farm insurance policy at issue in this lawsuit; (7) State Farm's claims and defenses regarding Luna's assertions in this lawsuit; (8) State Farm's contention that it is entitled to "credit and offset" for the personal injury protection (PIP) benefits in the amount of $5,000 paid to Luna as a result of the accident; (9) State Farm's contention that it is "entitled to offsets, including any recovery by [Luna] from other parties or their insurance carriers"; (10) State Farm's contention that Luna's "recovery of medical or health care expenses incurred is limited to the amount actually paid or incurred by or on behalf of the claimant"; (11) State Farm's contention that "the claim for punitive damages is subject to statutory and constitutional limitations, including, without limitation, TCPRC 41.008"; (12) State Farm's contention that it "generally denies [Luna's] allegations"; and (13) State Farm's contention that it "does not believe [Luna] is entitled to recover damages in the amount sought."

State Farm filed a motion to quash Luna's amended notice for a corporate representative deposition arguing that the notice was "improper, harassing, [and] prepared solely to abuse State Farm." State Farm asserted that "the Court had already ruled that [Luna] is not entitled to the deposition of a State Farm corporate representative on the requested topics." State Farm also argued that:

> Further, the burden and expense of the proposed deposition outweighs its likely benefit to Plaintiff, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake, and the importance of the proposed discovery. *See* TEX. R. CIV. P. 192.4. The information Plaintiff seeks in this deposition is either not relevant to the issues that are live in this case, or State Farm has no personal knowledge of them. Regardless, the proposed deposition would provide little to no benefit to Plaintiff and be very costly to both parties. There is no case in which a defendant has been ordered to provide this type

5

of deposition in which evidence of the burden and expense outweighing the benefit has been offered.

Finally, State Farm asserted that the specific subjects for testimony detailed in the amended notice of deposition were improper on various grounds, including, inter alia, State Farm's lack of personal knowledge and the attorney client and work product privileges. State Farm further argued that several of the issues were rendered unnecessary by the stipulations that it had made to the effect that Antunez did not have an automobile insurance policy in effect on the date of the accident and that Luna's policy with State Farm was in effect at the time of the accident.

The trial court held a hearing on the motion to quash on July 21, 2016. Counsel for State Farm testified that it would cost $10,000 to present a corporate representative for deposition.

> In order to identify the representative to correspond to the various topics, we're going to have to visit with the corporate structure, go through everybody [who's] looked at the file, go through everybody whose currently available, and then visit amongst the lawyers about who can testify to which topic. That process takes approximately an entire day, because it's [a] large company, with tens of thousands [of] employees.
>
> After that is completely [done], we then have to get the proper corporate trainer attorney to find the people—person or people that we need, visit with them in person to prepare them for the deposition, that process takes two days, because they have to go over every policy that's potentially applicable to this situation, because there's no certainty as to what the questions in the deposition are going to be. The third step is, the witness will have to be prepared for the deposition by the lawyers in this case, that's another two days in this type of deposition.
>
> So now we've spent an entire week. First day was probably a short day, four/five hours. The other days are going to be eight hour days. Then we have to do the deposition. Presenting the witness for the deposition. I've never seen a corporate representative take under two hours, most [of] the time it goes for the maximum of six. When you figure out the rate of the various lawyers involved, there's not going to be a lawyer involved at less than $200 dollars an hour. So even if you assume on a very reasonable

6

basis that you're talking about 40 hour[s] worth of time, $200 an hour, and you add the cost of the deposition, you've now gotten to $10,000. If you have any more time necessary, if you have any special project, if you have any travel, there are no corporate trainers—corporate trainer lawyers in Corpus Christi. They would all have to travel out from out of town. The closest one is in San Antonio, if he or she is even available. You're talking about four hours' worth of travel time at a lawyer rate no less than $200 [an] hour. That's how you get to the number.

State Farm's counsel conceded that he had produced corporate representatives for deposition in two other UM/UIM cases, but those cases were "done by agreement" on "very large policies with catastrophic damages."

On July 22, 2016, the trial court granted State Farm's motion to quash the deposition. Luna filed a motion for reconsideration of the order which the trial court staff informed her could not be heard until after the trial of this case. This original proceeding ensued. By one issue, Luna contends:

> This Court has recognized that a litigant generally has a right to depose her opposing party, and one of its sister courts—the Fourth Court of Appeals in San Antonio—has held that a trial court committed a clear abuse of discretion by quashing the deposition of a State Farm representative during a UM/UIM lawsuit against State Farm, the Real Party in Interest here. In this case, Luna sought to depose a corporate representative of State Farm, the only defendant in this lawsuit, in a UM/UIM claim against State Farm. However, the trial court granted State Farm's motion to quash that proposed deposition, even though doing so denied Luna the opportunity to conduct meaningful discovery about either the facts surrounding State Farm's handling of her UM/UIM claim or the evidence supporting its defenses to her lawsuit—including its assertion that Luna bears comparative fault for her injuries. Was the trial court's order granting State Farm's motion to quash Luna's proposed deposition a clear abuse of discretion for which Luna lacks an adequate remedy on appeal?

This Court requested and received a response to the petition for writ of mandamus from State Farm. State Farm contends that the trial court did not abuse its discretion in quashing the deposition notice because: (1) Luna is not entitled to discovery on State Farm's claims handling during the UM/UIM case; (2) Luna can have reasonable discovery

7

for UM/UIM coverage issues without deposing a State Farm representative; and (3) Luna does not need to depose State Farm's representative to prepare for the motor vehicle negligence aspect of her UM/UIM case. State Farm further contends that Luna waived mandamus by "years" of delay in seeking review. Luna filed a reply to State Farm's response disputing its allegations.

## II. MANDAMUS

Mandamus is an "extraordinary" remedy. *In re Sw. Bell Tel. Co., L.P.*, 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding); *see In re Team Rocket, L.P.*, 256 S.W.3d 257, 259 (Tex. 2008) (orig. proceeding). In order to obtain mandamus relief, the relator must show that the trial court clearly abused its discretion and that the relator has no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *see In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 462 (Tex. 2008) (orig. proceeding). A party has no adequate remedy by appeal to challenge a discovery order when the party's ability to present a viable claim or defense will be impaired by the trial court's error. *See, e.g., Able Supply Co. v. Moye*, 898 S.W.2d 766, 771–72 (Tex. 1995) (orig. proceeding); *In re Hinterlong*, 109 S.W.3d 611, 633 (Tex. App.—Fort Worth 2003, orig. proceeding).

## III. DISCOVERY

A party can seek discovery of unprivileged information that is relevant to the subject matter of the lawsuit, including inadmissible evidence, as long as the request is reasonably calculated to lead to the discovery of admissible evidence. TEX. R. CIV. P. 192.3(a); *In re CSX Corp.*, 124 S.W.3d 149, 152 (Tex. 2003) (orig. proceeding). However, the broad scope of discovery is limited by the legitimate interests of the opposing party in

avoiding overly broad requests, harassment, or the disclosure of privileged information. *In re Am. Optical Corp.*, 988 S.W.2d 711, 713 (Tex. 1998) (orig. proceeding). Discovery may be limited if (1) it is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; or (2) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. TEX. R. CIV. P. 192.4.

The rules of civil procedure permit a party to take the deposition of "any person or entity." *Id.* R. 200.1(a); *see Crown Cent. Petroleum Corp. v. Garcia*, 904 S.W.2d 125, 127 (Tex. 1995) (construing the former rules of civil procedure); *In re Celadon Trucking Servs.*, 281 S.W.3d 93, 97 (Tex. App.—El Paso 2008, orig. proceeding). Generally speaking, a party to a suit has the right to depose the opposing party. *See Mobile Oil Corp. v. Floyd*, 810 S.W.2d 321, 323–24 (Tex. App.—Beaumont 1991, orig. proceeding); *see also In re Doe*, No. 13-10-000590-CV, 2011 WL 1158765, at *1 (Tex. App.—Corpus Christi Feb. 10, 2011, orig. proceeding) (per curiam mem. op.). However, the person noticed for deposition also has the right to protection "from undue burden, unnecessary expense, harassment, annoyance, or invasion of personal, constitutional, or property rights." TEX. R. CIV. P. 192.6; *Crown Cent. Petroleum Corp.*, 904 S.W.2d at 127; *Monsanto Co. v. May*, 889 S.W.2d 274, 276 (Tex. 1994).

## IV. DELAY

We first consider State Farm's argument that Luna waived her right to mandamus review by unreasonably delaying her request for relief. State Farm argues that the trial

court quashed Luna's deposition of a State Farm representative in 2011, yet Luna did not file her petition for writ of mandamus until 2016, "more than five and a half years after the 2011 order that first quashed her request for a State Farm deposition." According to State Farm, this unexcused delay in seeking relief justifies the denial of mandamus relief.

Whether a party's delay in asserting its rights precludes mandamus relief depends on the circumstances. *In re Oceanografia, S.A. de C.V.*, 494 S.W.3d 728, 729 (Tex. 2016) (orig. proceeding) (per curiam). In examining this issue, we consider whether there is any justification for the delay, whether the party seeking mandamus bears fault for the delay, and whether the delay has prejudiced the opposing party. *See id.* at 730–31; *see, e.g., In re Int'l Profit Assocs., Inc.*, 274 S.W.3d 672, 675–76 (Tex. 2009) (orig. proceeding); *In re E.I. du Pont de Nemours & Co.*, 92 S.W.3d 517, 524–25 (Tex. 2002) (orig. proceeding); *Rivercenter Assocs. v. Rivera*, 858 S.W.2d 366, 367 (Tex. 1993) (orig. proceeding).

In 2011, the trial court quashed Luna's notice of deposition for a State Farm representative in the original cause number. The original lawsuit concerned Luna's negligence and personal injury claims against Antunez and, pursuant to *Brainard*, did not encompass her contractual and extra-contractual claims against State Farm. *See Brainard v. Trinity Universal Ins. Co.*, 216 S.W.3d 809, 818 (Tex. 2006) (stating that "a claim for UIM benefits is not presented until the trial court signs a judgment establishing the negligence and underinsured status of the other motorist"). Luna's notice of deposition in the original case was similar, but not identical, to the deposition notice at issue here, and approximately half of the itemized subjects are different.

The lawsuit giving rise to this original proceeding concerning Luna's contractual claims against State Farm was abated from its inception in 2010 until June 2, 2016. Luna

10

first requested the deposition of a State Farm representative in this cause on June 6, 2016, noticed the deposition on June 17, 2016, and filed an amended notice of deposition on June 20, 2016. Considering the circumstances present here in examining the issue of delay, we note that the 2011 order was issued in a different cause number involving different causes of action. This cause, which encompasses the claims against State Farm, was abated until immediately before Luna noticed the deposition, and thus Luna could not have sought the deposition in this case at an earlier date. Luna bears no fault for the delay in seeking the deposition; rather, the delay in development of her contractual and extra-contractual causes of action against State Farm has been occasioned by the law applicable to UM/UIM claims. *See id.* Further, State Farm does not argue that it has been prejudiced by the alleged delay. Under these circumstances, Luna's delay in seeking relief does not justify the denial of mandamus relief. *See In re Oceanografia, S.A. de C.V.*, 494 S.W.3d at 730–31; *In re Int'l Profit Assocs., Inc.*, 274 S.W.3d at 675–76.

## V. ANALYSIS

State Farm contends that it would be a waste of resources for Luna to depose a State Farm representative because all extra-contractual claims have been severed into the separate, abated case, State Farm has stipulated to the existence and applicability of the UM/UIM coverage, and State Farm's representatives have "no personal knowledge" of the circumstances of the accident.

UM/UIM coverage provides payment to the insured of all amounts that the insured is legally entitled to recover as damages from owners or operators of underinsured motor vehicles because of bodily injury or property damage. *See* TEX. INS. CODE ANN.

11

§ 1952.105–.108 (West, Westlaw through 2015 R.S.).  The insured's recovery, if any, cannot exceed the limits specified in the insurance policy and is reduced by the amount recovered or recoverable from the insurer of the underinsured vehicle.  *Id.*  The UM/UIM insurer is under no contractual duty to pay benefits until the insured obtains a judgment establishing the liability and the underinsured status of the other motorist.  *See Brainard*, 216 S.W.3d at 815.  Therefore, to recover UM/UIM benefits, Luna had the burden to prove she had UM/UIM coverage, Antunez caused the accident and was uninsured, and the amount of her damages.  *See id.*; *In re Progressive County Mut. Ins. Co.*, 439 S.W.3d 422, 427 (Tex. App.—Houston [1st Dist.] 2014, orig. proceeding); *In re Reynolds*, 369 S.W.3d 638, 652 (Tex. App.—Tyler 2012, orig. proceeding).

As stated previously, the parties' stipulation entered in the original cause number provides that on the date of the accident at issue in this lawsuit, Luna was a covered person under State Farm's policy number 0925-632-SJC; the State Farm policy was in effect on the date of the accident; and Antunez did not have a policy of automobile insurance in effect on the date of the accident.  Contrary to State Farm's contentions, the stipulation does not encompass all of the matters necessary for a resolution of the underlying UM/UIM case because it does not address whether Antunez caused the accident or the amount of Luna's damages.  *See Brainard*, 216 S.W.3d at 815; *In re Progressive County Mut. Ins. Co.*, 439 S.W.3d at 427; *In re Reynolds*, 369 S.W.3d at 652.

Moreover, it is abundantly clear that State Farm intends to contest both the cause of the accident and Luna's damages in this case.  In its first amended answer, which is the live pleading on file in this cause, State Farm:  generally denied Luna's claims; asserted that she failed to comply with all conditions precedent to recovery including "the

12

failure to obtain a legal determination of the existence and amount of the liability, if any, of the owner or operator of the allegedly uninsured motor vehicle"; contended that it is entitled to a credit and offset for personal injury protection (PIP) benefits and that it is entitled to offsets from recoveries by Luna "from other parties or their insurance carriers, as well as credit for all available policies" and a payment credit of $4,775; asserted that that Luna was contributorily negligent; asserted that her recovery was limited to the amount "actually paid or incurred"; and contended that her punitive damages were unavailable or limited in amount. As stated previously, Luna's deposition notice informed State Farm that the deposition would cover numerous specific topics, including topics related to the defenses raised in State Farm's answer such as State Farm's contention that Luna "has failed to comply with all conditions precedent to recovery, including the failure to obtain a legal determination of the existence and amount of liability, if any, of the owner or operator of the allegedly uninsured motor vehicle."

Our review of the requested topics encompassed by Luna's deposition notice leads us to conclude that these topics correspond to the defenses and theories raised by State Farm or have a direct bearing on both liability and damage issues for Luna's claims against State Farm. Further, these defenses and theories are not encompassed by the stipulation entered by State Farm.

Information pertaining to liability and State Farm's defenses is relevant and properly discoverable, absent a showing of privilege or some other exemption authorized by the Texas Rules of Civil Procedure. *See* TEX. R. CIV. P. 192.3(a). We further note that in a case that is directly on point, our sister court of appeals in San Antonio conditionally granted mandamus relief and ordered the trial court to allow the deposition of State

13

Farm's corporate representative in a case against State Farm for UM/UIM benefits. *See In re Garcia*, No. 04-07-00173-CV, 2007 WL 1481897, at \*\*2–3 (Tex. App.—San Antonio May 23, 2007, orig. proceeding) (per curiam mem. op.). The San Antonio Court of Appeals concluded that the trial court erred in quashing the deposition in its entirety because doing so unreasonably restricted the plaintiff's access to relevant information regarding State Farm's multiple defenses and compromised her ability to present and prove her case. *Id.* As noted by the San Antonio Court of Appeals, the denial of discovery goes to the heart of a party's case when the party is prevented from developing essential elements of its claim or defense. *See id.*; *see also Able Supply Co. v. Moye*, 898 S.W.2d 766, 772 (Tex. 1995) (orig. proceeding); *In re Ten Hagen Excavating, Inc.*, 435 S.W.3d 859, 863–64 (Tex. App.—Dallas 2014, orig. proceeding).

Fundamentally, State Farm asserts that its corporate representative will not have personal knowledge of the facts at issue in this lawsuit. However, Texas Rule of Civil Procedure 192.3 provides that "[a] person has knowledge of relevant facts when the person has or may have knowledge of any discoverable matter. *The person need not have admissible information or personal knowledge of the facts.*" Tex. R. Civ. P. 192.3(c) (emphasis added); *see In re Team Transp., Inc.*, 996 S.W.2d 256, 259 (Tex. App.—Houston [14th Dist.] 1999, orig. proceeding). Further, Rule 199.1(a) permits the deposition "of any person or entity" without any limitation that the proposed deponent have personal knowledge of the facts. Tex. R. Civ. P. 199.1(a); *see also In re Jinsun LLC*, No. 14-15-00568-CV, 2015 WL 5092176, at \*4 (Tex. App.—Houston [14th Dist.] Aug. 27, 2015, no pet.) (mem. op.).

14

State Farm argues the trial court did not abuse its discretion in quashing the deposition in its entirety because the discovery sought by Luna is burdensome and harassing. State Farm does not argue that the deposition is unreasonably cumulative or duplicative, other than as pertains to the parties' stipulation, and does not suggest that any other sources from which the requested discovery would be available. State Farm instead argues that the burden or expense of the proposed discovery outweighs its likely benefit. Examining the needs of the case, we note that the requested topics for the deposition track the parties' pleadings and deal directly with the fundamental issues of liability and damages. In terms of the amount in controversy, the estimated expense for the deposition is approximately $10,000, and the damages awarded to Luna in the personal injury case comprised $161,091 with additional prejudgment interest accruing since June 2, 2009, and post-judgment interest accruing since judgment was entered. The record is devoid of evidence regarding the parties' resources, although it is self-evident from the face of the record that State Farm is a nation-wide corporation and Luna is an individual. We further note that many of the costs that State Farm estimates for the proposed deposition are the result of State Farm's own internal policies or procedures, and a discovery request will not result in an undue burden when the burdensomeness of responding to it is the result of the responding party's own "conscious, discretionary decisions." *ISK Biotech Corp. v. Lindsay*, 933 S.W.2d 565, 569 (Tex. App.—Houston [1st Dist.] 1996, no writ); *see In re Whiteley*, 79 S.W.3d 729, 734–35 (Tex. App.—Corpus Christi 2002, orig. proceeding).

Considering the importance of the issues at stake in the litigation and the importance of the proposed discovery in resolving the issues, we consider that the burden

to State Farm is outweighed by Luna's interests in obtaining relevant discovery. *See* TEX. R. CIV. P. 192.4. We conclude that the trial court abused its discretion in quashing the deposition of a corporate representative for State Farm. *See id.*; *see also In re Garcia*, 2007 WL 1481897, at **2–3. State Farm is a party to this lawsuit and Luna is entitled to discovery pertaining to her causes of action and State Farm's defenses to the lawsuit. Moreover, the failure to allow this discovery renders Luna's appellate remedy inadequate. *See Walker v. Packer*, 827 S.W.2d 833, 843 (Tex. 1992) (orig. proceeding); (stating that the "denial of discovery going to the heart of a party's case may render the appellate remedy inadequate"); *In re SWEPI, L.P.*, 103 S.W.3d 578, 587 (Tex. App.—San Antonio 2003, orig. proceeding) (granting mandamus relief when the trial court's discovery error vitiated a party's ability to present a viable defense at trial). Upon proper notice and hearing, the trial court may still consider and rule on any requests to limit the scope of the deposition.

## V. CONCLUSION

The Court, having examined and fully considered the petition for writ of mandamus, State Farm's response, Luna's reply, and the applicable law, is of the opinion that Luna has shown herself entitled to the relief sought. Accordingly, we LIFT the stay previously imposed in this cause, and we CONDITIONALLY GRANT the petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a). We order the trial court to withdraw its order quashing the deposition of a State Farm representative. The writ will issue only in the event the trial court fails to comply.

JUSTICE GREGORY T. PERKES

Delivered and filed the
7th day of November, 2016.

16