# IN THE SUPREME COURT OF TEXAS

════════════

No. 14-0963

════════════

IN RE OCEANOGRAFIA, S.A. DE C.V., OTTO CANDIES LLC,
CANDIES MEXICAN INVESTMENTS, AND OSA INTERNATIONAL, RELATORS

════════════════════════════════════════════════════════════

ON PETITION FOR WRIT OF MANDAMUS

════════════════════════════════════════════════════════════

**PER CURIAM**

The *Seba'an*, a merchant vessel registered in Mexico and sailing under the Mexican flag with a Mexican crew, was ferrying workers, all citizens of Mexico, from the Mexican port of Ciudad del Carmen to an offshore drilling site when it caught fire and sank off the coast of Mexico. One worker drowned. The others were rescued. All the survivors still live in Mexico except one, who lives in Illinois. Oceanografia, S.A. de C.V., a Mexican entity, operated the ship and employed its captain and crew. Oceanografia chartered the ship from its owner, Candies Mexican Investments, S. de R.L. de C.V. (CMI), a Mexican entity controlled by an affiliate, Otto Candies LLC, a Louisiana entity. Oceanografia's marketing affiliate, OSA International, LLC, is a Texas entity, though it was not created until after the incident.

The deceased worker's beneficiaries and 91 of the surviving workers sued Oceanografia, CMI, Otto Candies, and OSA for damages in a district court in Cameron County, Texas. The trial court refused to dismiss the action for *forum non conveniens* under Section 71.051 of the Texas Civil Practice and Remedies Code. The court of appeals denied mandamus relief, concluding that

defendants' lack of diligence in pursuing relief had prejudiced plaintiffs. ___ S.W.3d ___ (Tex. App.—Corpus Christi-Edinburg, orig. proceeding) (mem. op.). We grant relief.

Plaintiffs filed suit in July 2008. Oceanografia, CMI, and Otto Candies moved to dismiss based on *forum non conveniens*, and Oceanografia filed a special appearance. In March and April 2010, the trial court overruled the special appearance and denied the motion to dismiss. Oceanografia appealed the former ruling. The court of appeals affirmed in December 2011, *Oceanografia, S.A. de C.V. v. Hernandez*, No. 13-10-00223-CV, 2011 WL 6142789 (Tex. App.—Corpus Christi-Edinburg Dec. 8, 2011, pet. denied) (mem. op.), and we denied Oceanografia's petition for review in June 2013, 56 Tex. Sup. Ct. J. 613 (June 7, 2013).

Oceanografia's appeal stayed commencement of a trial, *see* TEX. CIV. PRAC. & REM. CODE § 51.014(b), but the parties engaged in discovery. Seven plaintiffs were deposed and some documents exchanged. Two attempts at mediation were unsuccessful. Plaintiffs moved the trial court to conduct separate trials for groups of plaintiffs, beginning with an initial group of eight. In August 2013, defendants moved for summary judgment. In April 2014, defendants jointly moved for reconsideration of the motions to dismiss, though OSA had not previously filed a motion to dismiss. The court denied reconsideration but allowed the plaintiffs who had been unable to obtain visas to enter the United States to withdraw from the first trial group. In June 2014, defendants sought mandamus relief from the court of appeals.

Whether a party's delay in asserting its rights precludes mandamus relief depends on the circumstances. In *Rivercenter Associates v. Rivera*, we denied review of a trial court's refusal to enforce a waiver of jury trial in a commercial lease because of the plaintiff's unjustified four-month

delay in moving to quash the defendant's jury demand. 858 S.W.2d 366, 367 (Tex. 1993). But in *In re International Profit Associates, Inc.*, we held that neither a party's four-month delay in obtaining a hearing on its motion to dismiss based on a contractual forum-selection clause, nor the following eight-month delay in obtaining a corrected order denying the motion, precluded mandamus review because the delays were not the party's fault. 274 S.W.3d 672, 675–76 (Tex. 2009). And in *In re E.I. du Pont de Nemours & Co.*, a case much like the present one, we held that a defendant's four-year delay in moving for dismissal for *forum non conveniens* under Section 71.052 while challenging *in personam* jurisdiction did not preclude mandamus relief, especially when the delay had not prejudiced the plaintiffs. 92 S.W.3d 517, 524–25 (Tex. 2002) (*DuPont*). We said:

> The plaintiffs argue that by asserting special appearances and conducting limited discovery DuPont waived any relief under [the *forum non conveniens* statute]. The plaintiffs have failed to show how the delay has prejudiced them in any way. Even if they had made such a showing, the plaintiffs cite nothing to indicate that the Legislature intended for a defendant to elect between a special appearance and a motion to dismiss under [the statute]. Absent any such legislative intention, we cannot conclude that a party must exercise its rights under [the statute] when to do so would compromise its assertion that the trial court lacked personal jurisdiction over it.

*Id.*

Oceanografia, like DuPont, cannot be faulted for the delay in seeking mandamus relief from the denial of its motion to dismiss for *forum non conveniens* when to press ahead might have compromised its appeal of the denial of its special appearance. Nor was CMI's and Otto Candies's decision to await Oceanografia's jurisdictional appeal unreasonable. Plaintiffs argue that defendants should have sought mandamus relief immediately after the appeal was over. Defendants counter that their nine-month delay in moving for reconsideration of the motions to dismiss after the appeal

3

ended was not unreasonable because of developing evidence that plaintiffs would have to be tried in groups and some of the plaintiffs would not even be allowed into the United States. We agree. OSA's delay in tagging along on the motion for reconsideration did not contribute to the delay in obtaining a ruling or in seeking mandamus review.

Moreover, plaintiffs, like those in *DuPont*, have shown no prejudice from any delay. They argue that Oceanografia should not be permitted to move for summary judgment and wait for an unfavorable ruling before pursuing its motion to dismiss for *forum non conveniens*. But the trial court never ruled on the motion for summary judgment. Plaintiffs argue that they incurred litigation expenses after the motions to dismiss were initially denied, but they have not demonstrated why their litigation efforts to date cannot be fully used in a trial in Mexico. Plaintiffs argue in passing that defendants' delay in moving for reconsideration until two months before a trial setting caused them to incur trial preparation expenses that are now lost. But plaintiffs have provided no detail whatsoever regarding any such expenses.

In this case, as in *DuPont*, defendants' delay in seeking dismissal for *forum non conveniens* was not unreasonable. Defendants' explanations were sufficient to show that they did not "slumber on their rights." *Rivercenter*, 859 S.W.2d at 367. And as in *DuPont*, defendants' delay did not prejudice plaintiffs.

Section 71.051(b) lists six factors to be considered in determining whether a claim should be dismissed for *forum non conveniens*:

> (1) an alternate forum exists in which the claim or action may be tried;
>
> (2) the alternate forum provides an adequate remedy;

4

(3) maintenance of the claim or action in the courts of this state would work a substantial injustice to the moving party;

(4) the alternate forum, as a result of the submission of the parties or otherwise, can exercise jurisdiction over all the defendants properly joined to the plaintiff's claim;

(5) the balance of the private interests of the parties and the public interest of the state predominate in favor of the claim or action being brought in an alternate forum, which shall include consideration of the extent to which an injury or death resulted from acts or omissions that occurred in this state; and

(6) the stay or dismissal would not result in unreasonable duplication or proliferation of litigation.

The first, fourth, and sixth factors clearly weigh in favor of dismissal. Plaintiffs may try their claims in Mexico, where all but one of them reside, and defendants have stipulated to jurisdiction there. Concerns about having to duplicate, in Mexican courts, the document discovery and depositions undertaken in the Texas courts may be addressed by agreements between the parties.

The trial court found that, in this instance, the Mexican courts would not provide an adequate remedy, finding "evidence that certain defendants have attempted to threaten, bribe, and intimidate Plaintiffs and potential plaintiffs in other litigation." The evidence apparently consisted of an affidavit about calls to a plaintiff involved in other litigation. The affidavit does not support the trial court's finding. The trial court also referenced safety issues due to violence in Mexico generally. There is no evidence, however, that a case like this could not be safely tried in Mexican courts in Ciudad del Carmen, where almost all of the plaintiffs live or work.

The trial court found that maintaining this action in Texas would not work a substantial injustice. But defendants assert that none of the Mexican witnesses can be compelled to testify in a

Texas court. These include Oceanografia's crew aboard the *Seba'an*, technicians who repaired the ship, government inspectors who examined the repairs, passengers who did not bring suit, crews on the rescue vessels, doctors who examined plaintiffs when they returned to port, and family members and co-workers who could testify about the accident's after-effects on plaintiffs. Even if witnesses are willing and available to testify by deposition, defendants assert that they would still be substantially prejudiced in the presentation of their case.

An alternative forum is adequate if the defendant would be subject to the alternate forum's jurisdiction by consent or otherwise, and the substantive law in the alternate forum would not deprive the parties of a remedy. *In re Pirelli Tire, LLC*, 247 S.W.3d 670, 677–78 (Tex. 2007); *see also In re Bridgestone Americas Tire Operations, LLC*, 459 S.W.3d 565, 575–76 (Tex. 2015). In *Pirelli*, we held that the defendant had demonstrated the availability of an adequate forum by stipulating that it would submit to personal jurisdiction in Mexico and would not assert a statute-of-limitations defense. 247 S.W.3d at 677–78. Lesser remedies will not make a forum inadequate; a forum is inadequate if the remedies it offers are so unsatisfactory they really comprise no remedy at all. *In re Ensco Offshore Int'l Co.*, 311 S.W.3d 921, 924–25 (Tex. 2010).

Courts routinely reject arguments based generally on the corruption of a forum, especially when evidence of corruption, and the defendant's participation therein, is anecdotal and speculative. *See, e.g.*, *Vinmar Trade Fin., Ltd. v. Util. Trailers de Mex., S.A. de C.V.*, 336 S.W.3d 664, 675 (Tex. App.—Houston [1st Dist.] 2010, no pet.) (collecting cases).

Whether Otto Candies and OSA International would be subject to liability in Mexico on alter ego or other theories is immaterial. A forum will not be inadequate simply because its laws are less

6

favorable to plaintiffs. *Pirelli*, 247 S.W.3d at 677–78. It is also not determinative that Oceanografia and Otto Candies do business and have litigated in Texas. Here, the repairs, accident, and rescue occurred in Mexican waters, aboard a ship controlled and operated by a Mexican company, and crewed by its Mexican employees. There is no dispute that the crew, repair technicians, inspectors, and rescue workers are all residents of Mexico, as are all but one of the plaintiffs. Plaintiffs argue that there is no ship or accident scene to inspect, only photos and records that may be viewed anywhere. There must still be witnesses, however, to explain the events that took place and the content of those records. Further, even if Otto Candies holds many of the relevant records at its headquarters in the United States, that headquarters is not in Texas. The trial court found that the key non-party witnesses are likely to be American companies that investigated the accident, naming two companies who would be beyond the subpoena power of a Mexican court. But these are at most two sets of witnesses, to counter the overwhelming number of Mexican connections. We therefore conclude that the trial court also abused its discretion in finding that the balance of the private interests of the parties and the public interest predominate in favor of maintaining this action in Texas.

The factors in Section 71.051(b) clearly predominate in favor of dismissal. The claims in this case are tied to Mexico and have almost no connection to Texas. Without hearing oral argument, *see* TEX. R. APP. P. 52.8(c), we conditionally grant mandamus relief and direct the trial court to vacate its order denying defendants' motion for reconsideration and to issue an order dismissing the case for *forum non conveniens*. The writ will issue only if the trial court fails to promptly comply with this opinion. We leave to the trial court any questions about defendants' stipulations to trying the

7

case on the merits in Mexico or about any agreements or orders to avoid prejudice to the parties and waste or duplication of effort and to facilitate the transfer of the litigation to Mexico.

Opinion delivered: July 1, 2016