# NO. 12-17-00037-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE: KENNETH KEY AND KEY* | § | |
| *DEVELOPMENT COMPANY, LLC,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

## *MEMORANDUM OPINION*

By petition for writ of mandamus, Kenneth Key and Key Development Company, L.L.C., challenge the trial court's order of "death penalty" sanctions against them.[1] The real party in interest is Lisa Cowley. We deny the petition.

## BACKGROUND

Key and Key Development owned several rental properties, two being described as the Robertson Avenue property and the Dobbs Street property. Key and Key Development entered into a refinancing agreement on both the Robertson Avenue and the Dobbs Street properties. They fell behind on the refinance payments on the Dobbs Street property, and the mortgage company began foreclosure proceedings. However, the mortgage company incorrectly included the legal description of the Robertson Avenue property.

Cowley sought to purchase the Dobbs Street property from another entity after the foreclosure. However, because the mortgage company incorrectly included the legal description of the Robertson Avenue property instead, Cowley never received a deed to the Dobbs Street property, but she did receive a deed to the Robertson Avenue property. Accordingly, Cowley asserts that she is a good faith purchaser of the Robertson Avenue property.

---

[1] The respondent is the Honorable Randall Rogers, Judge of the County Court at Law No. 2, Smith County, Texas.

Cowley brought suit against the seller and the title companies for fraud, negligence, and negligent misrepresentation. Cowley also sued the seller for breach of contract.

On September 28, 2015, Cowley filed a fourth amended petition in which she added Key and Key Development as defendants. Cowley asserted that she was the rightful owner of the Robertson Avenue property, but that Key and Key Development were collecting rent money from the property and were in constructive possession of the property. She also sought a declaratory judgment from the trial court that she is the sole owner of the Robertson Avenue property and that Key and Key Development own no interest in the Robertson Avenue property.

On October 23, 2015, Key and Key Development filed their original answer. Key and Key Development were represented by Gene Caldwell.

On December 10, 2015, the trial court held a hearing in the case. The trial court ordered that Key and Key Development deposit into the registry of the court the money being paid for rent of the Robertson Avenue property.

During the same hearing, Cowley notified the trial court that Key and Key Development had not responded to her request for disclosure and requests for production. Key was disruptive during the hearing, interrupting attorneys several times. The trial court eventually ordered Key to exit the courtroom. After Key had left the courtroom, Caldwell told the trial court that he was working on responding to Cowley's discovery. Caldwell later declared that Key and Key Development could "answer the – to produce the documents, if [given twenty days]." Caldwell implied to the trial court that he was having difficulty obtaining the cooperation of Key in responding to the discovery.

In accordance with the representations made at the hearing, Cowley, Key, and Key Development signed an agreed order stating that Key and Key Development "failed to timely answer" Cowley's request for disclosure and requests for production and that Key and Key Development agreed to "fully and completely respond" to the discovery by December 30, 2015. While entitled an agreed order, it was never signed by the trial court.

On January 21, 2016, Cowley filed a motion for sanctions. Cowley complained that Key and Key Development had failed to respond to her request for disclosure and requests for production, failed to deposit the rental funds from the property into the registry of the court, and failed to allow Cowley to inspect the Robertson Avenue property.

On February 12, 2016, Key and Key Development filed their response to Cowley's motion for sanctions. For the first time, Key and Key Development asserted that they had not been served with a request for disclosure. They further asserted that responses to Cowley's requests for production were being supplemented, that the rental money from the property was being deposited with the court, and that the inspection of the property was scheduled.

On February 16, 2016, the trial court held a hearing on Cowley's motion for sanctions against Key and Key Development. Cowley represented to the trial court that Key and Key Development finally allowed an inspection of the Robertson Avenue property and had begun depositing the rental funds from the property into the registry of the court. However, Cowley asserted that Key and Key Development still had not adequately responded to her request for disclosure or requests for production. Cowley provided proof that Key and Key Development had been served with a request for disclosure.

Caldwell responded that he was still the attorney for Key and Key Development, but because of an oversight at the clerk's office, Caldwell was not given notice of Cowley's motion for sanctions when it was filed. Caldwell also reiterated that Key and Key Development had not been served with a request for disclosure. Finally, Caldwell claimed that Key and Key Development were working on gathering additional documentation in response to Cowley's requests for production.

Key then testified at the hearing. Key explained that his tenant on the Robertson Avenue property was late with the rent payment, and thus, he was late in providing the check for deposit into the registry of the court. Key, however, was unable to provide a valid excuse for the delay in responding to Cowley's discovery requests. Key then blamed Caldwell for not requesting documents from him. Key claimed, "Because if anything would have been requested from me three months ago, you would have had it."

Key asserted that he had no problem providing Cowley with the documents that she requested. Later though, he asserted that she had requested irrelevant documents and that he would not provide tax documents or monthly statements from the mortgage company.

On redirect examination, Caldwell attempted to remind Key that they had previously discussed Cowley's requests for production. However, Key claimed no memory of ever seeing Cowley's requests for production. After hearing Key's testimony, Caldwell informed the trial

3

court, "…I will probably tender a motion to withdraw from this case because I have explained what was required in the way of production of stuff."

The trial court granted Cowley's motion for sanctions against Key and Key Development. The trial court ordered that Key and Key Development's answer struck, and further ordered the title to the property to be vested solely in the name of Cowley. The trial court additionally ordered that Cowley recover rental income of $750.00 per month from Key and Key Development from the date of purchase until the date of final judgment. On May 24, 2016, the trial court made an almost identical order, with the only change being that Cowley was awarded rental income of $800.00 per month.

On May 9, 2016, Key and Key Development filed a motion for substitution of counsel from Caldwell to their current counsel. The trial court granted their motion on May 18, 2016.

On August 1, 2016, Key and Key Development filed a motion to reconsider the trial court's order on Cowley's motion for sanctions. On the same date, Key and Key Development sought leave to file a third-party petition.

On August 25, 2016, the trial court held a hearing on Key and Key Development's motion to reconsider the trial court's previous order on sanctions. Key and Key Development complained that the trial court's ordered sanctions were overly severe. The trial court stated that Key had an extremely negative attitude that the court considered when weighing alternative sanctions. The trial court continued, "When I – reading [Key], nothing was going to work with him. He was not going to cooperate." The trial court then denied Key and Key Development's motion to reconsider.

On January 26, 2017, Key and Key Development filed a petition for writ of mandamus and a motion for emergency stay.[2] On February 13, 2017, Cowley filed a response to the petition for writ of mandamus in which she asserted that laches barred issuance of the writ. Key and Key Development failed to reply to Cowley's assertion that laches applied. On April 19, 2017, this court requested that Key and Key Development respond to the laches argument. Key and Key Development filed a reply to the laches argument on May 10, 2017.

---

[2] Key and Key Development represented to this court that the case was set for trial on January 30, 2017. We granted Key and Key Development's motion for emergency stay so that we could rule on the petition for writ of mandamus before the trial of the case.

Ordinarily, mandamus will issue to correct a clear abuse of discretion where there is no adequate remedy by appeal. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992). With respect to the resolution of factual matters or matters committed to the trial court's discretion, we may not substitute our own judgment for that of the trial court. *Walker*, 827 S.W.2d at 839. In such matters, the relators must establish that the trial court could reasonably have reached only one decision. *Id.* at 840. Even if the reviewing court would have decided the issue differently, it cannot disturb the trial court's decision unless it is shown to be arbitrary and unreasonable. *Id*. Review of a trial court's determination of the legal principles controlling its ruling is much less deferential. *Id*. A trial court has no discretion in determining what the law is or applying the law to the facts. *Id*. Consequently, a clear failure by the trial court to analyze or apply the law correctly constitutes an abuse of discretion. *Id*. The party seeking the writ of mandamus has the burden of showing that the trial court abused its discretion. *In re E. Tex. Med. Ctr. Athens*, 154 S.W.3d 933, 935 (Tex. App.—Tyler 2005, orig. proceeding).

When a trial court imposes sanctions that adjudicate a dispute by striking pleadings, dismissing an action, or rendering a default judgment, but do not result in rendition of an appealable judgment, the eventual remedy by appeal is inadequate. *TransAmerican Natural Gas Corp. v. Powell*, 811 S.W.2d 913, 919 (Tex. 1991). Because the trial court's order struck the answer of Key and Key Development but did not result in a final judgment, appeal is an inadequate remedy here.

For a mandamus action to be barred by laches, a real party in interest ordinarily must show (1) an unreasonable delay by the opposing party in asserting its rights and (2) the real party in interest's good faith and detrimental change in position because of the delay. *In re Laibe Corp.*, 307 S.W.3d 314, 318 (Tex. 2010) (per curiam). Whether a party's delay in asserting its rights results in laches depends on the circumstances. *In re Oceanografia, S.A. de C.V.*, 494 S.W.3d 728, 730 (Tex. 2016) (per curiam). Courts have barred a mandamus action based on laches for relatively short delays with no adequate justification, but have excused longer delays that were justified. *See Rivercenter Assoc. v. Rivera*, 858 S.W.2d 366, 367 (Tex. 1993) (waiting over four months before taking any action in pursuing rights to relief resulted in laches where record revealed no justification for the delay); *see also In re SCI Texas Funeral Servs., Inc.*,

236 S.W.3d 759, 761 (Tex. 2007) (delay of a little less than six months insufficient for laches because of time necessary to obtain numerous discovery hearings and brief issues for the court).

<u>**SANCTIONS**</u>

A trial court may impose sanctions for filing frivolous pleadings, discovery abuse, and under its "inherent power to sanction to the extent necessary to deter, alleviate, and counteract bad faith abuse of the judicial process, such as any significant interference with the court's administration of its core functions …." ***Toles v. Toles***, 45 S.W.3d at 266-267. A trial court's order of sanctions contains two parts; first, the decision whether to impose a sanction, and second, the decision of what sanction to impose. ***Davis v. Rupe***, 307 S.W.3d 528, 530-531 (Tex. App.—Dallas 2010, no pet.). In the discovery context, sanctions are imposed to ensure compliance, to punish noncompliance, and to deter others from noncompliance. ***Chrysler Corp. v. Blackmon***, 841 S.W.2d 844, 850 (Tex. 1992). However, the sanction may not be more severe than necessary to satisfy its legitimate purpose. ***Cire v. Cummings***, 134 S.W.3d 835, 839 (Tex. 2004). Thus, a direct relationship must exist between the sanctioned conduct and the sanction imposed such that the sanction is directed against the abuse and toward remedying the prejudice caused the innocent party. ***TransAmerican***, 811 S.W.2d at 917. Further, the sanctions must not be excessive so a trial court must "consider the availability of less stringent sanctions and whether such lesser sanctions would fully promote compliance." ***Id***.

Sanctions that strike pleadings, dismiss actions, and adjudicate claims are the most devastating that a trial court can assess. ***Id.*** at 917-18. Sanctions that adjudicate a party's claims or defenses can only be used when a party's actions in the discovery process justify a presumption that its claims or defenses lack merit. ***Id.*** at 918. Sanctions that adjudicate a party's claims or defenses "should not be assessed absent a party's flagrant bad faith or counsel's callous disregard for the responsibilities of discovery under the rules." ***Id***. However, while less stringent sanctions must be considered, the trial court is not required to test the effectiveness of every lesser sanction that could be imposed. ***Cire***, 134 S.W.3d at 842. The trial court is not required to make findings before imposing discovery sanctions. ***TransAmerican***, 811 S.W.2d at 919, n.9. But, it is obviously helpful to have findings in cases of severe sanctions that outline the conduct the trial court considered to merit sanctions. ***Id***.

6

## LACHES

Here, the trial court orally granted Cowley's motion for sanctions on February 16, 2016. The trial court stated that he was striking Key and Key Development's answer to Cowley's petition. Yet, Key and Key Development did not file a writ of mandamus until January 26, 2017, more than eleven months later.

During the eleven-month delay, Key and Key Development obtained new counsel and filed a motion for the trial court to reconsider its ruling. The trial court orally denied Key and Key Development's motion to reconsider on August 25, 2016, more than five months before Key and Key Development filed its petition for writ of mandamus.

Meanwhile, Cowley spent the eleven-month delay preparing for trial against the seller of the property and the title companies. Cowley was not preparing for trial against Key and Key Development. Additionally, Key and Key Development, in their motion for emergency stay, represented to this court that their petition for writ of mandamus was filed just a few days before the trial setting for the case.

Finally, Key and Key Development did not respond to the laches argument that Cowley made in response to the petition for writ of mandamus until this court specifically requested a response. When Key and Key Development did file a response to the laches argument, they were unable to provide any basis in the record for such a lengthy delay in seeking mandamus relief.

Instead, Key and Key Development supplemented the mandamus record to show that the other parties to the suit had agreed to an abatement beginning on March 28, 2016, and lasting until August 12, 2016, in an effort to amicably resolve the case. There are at least three problems with Key and Key Development relying on the abatement orders of the trial court as the basis for their delay in seeking mandamus relief. First, Key and Key Development did not include the motion filed by the other parties, but included only the orders signed by the trial court granting the joint motion. According to the orders supplemented into the record, all of the parties except Key and Key Development joined in the request for abatement. Second, Key and Key Development filed a motion with the trial court for substitution of counsel during the abatement, and the trial court granted that motion. Key does not demonstrate how it could file that motion but no other motions during the abatement. Even if Key and Key Development felt so limited, the record does not indicate that Key and Key Development filed a motion to lift the

abatement or any other contest to the abatement. And third, the first order of abatement states, "After considering the [joint motion], arguments of counsel, and other pleadings on file, and based on the agreement of the parties, this Honorable Court is of the opinion and finds that … [Cowley] is the owner of the [Robertson Avenue] property …." Thus, part of the basis for the abatement was the agreement of the parties that Cowley owned the Robertson Avenue property. Instead of providing a basis for delay, if Key and Key Development wanted to contest the ownership of the property, the orders of abatement indicated that the time to make such a contest was at hand.

Under the peculiar facts of this case, Cowley demonstrated an unreasonable delay by Key and Key Development in asserting its rights and Cowley's good faith and detrimental change in position because of the delay. *See In re Laibe Corp.*, 307 S.W.3d at 318. Accordingly, we find that laches bars Key and Key Development's petition for writ of mandamus.

### DISPOSITION

Having found that Key and Key Development's petition for writ of mandamus is barred by laches, we ***deny*** the petition for writ of mandamus.

BRIAN HOYLE
Justice

Opinion delivered May 31, 2017.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

8



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

MAY 31, 2017

NO. 12-17-00037-CV

**KENNETH KEY AND KEY DEVELOPMENT
COMPANY, LLC,**
Relator
v.
**HON. RANDALL L. ROGERS,**
Respondent

## ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by **KENNETH KEY AND KEY DEVELOPMENT COMPANY, LLC**, who are the relators in Cause No. 62,728-A, pending on the docket of the County Court at Law No. 2 of Smith County, Texas. Said petition for writ of mandamus having been filed herein on January 26, 2017, and the same having been duly considered, because it is the opinion of this Court that a writ of mandamus should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **DENIED**.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*