**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-24-00127-CV**
_____

**IN RE WESTPORT INSURANCE CORPORATION**

**Original Proceeding**
**1st District Court of Newton County, Texas**
**Trial Cause No. CV22-15083**

**MEMORANDUM OPINION**

Relator Westport Insurance Corporation ("Westport") filed a petition for a writ of mandamus to compel the trial court to enforce a forum selection provision in an insurance policy. We temporarily stayed all proceedings in Trial Cause Number CV22-15083 and requested a response from the Real Party In Interest, Burkeville Independent School District ("Burkeville"). Having considered the parties' arguments and authorities, we deny the petition for a writ of mandamus.

## Background

Burkeville purchased an insurance policy from a property and casualty fund risk pool, Risk Management Cooperative of Texas, formerly known as Texas Rural Education Association Risk Management Cooperative ("RMC"), for property damage coverage under TREA RMC Policy No. 176901 ("the Policy"). Several Insurers, including Westport, National Fire & Marine Insurance Company, Ironshore Specialty Insurance Company, Colony Insurance Company, Westchester Surplus Lines Insurance Company, and Starr Specialty Lines Insurance Company, participated and agreed to provide coverage for property damage for the policy period effective September 1, 2019, through August 31, 2020.

After sustaining property damage during Hurricane Laura in August 2020, Burkeville filed a lawsuit against RMC, the Insurers, a third-party adjusting company, Sedgwick Claims Management Services, Inc., ("Sedgwick") and adjuster John E. Green ("Green"). Burkeville alleged the replacement cost of the covered damage to Burkeville was $2,349,846.61, and that rather than pay this amount or provide explanations for their refusal to pay, the defendants hired new adjusters, Sedgwick and Green, who failed to conduct a reasonable investigation and failed to provide a basis for the decision to not issue the full proceeds owed under the Policy. Burkeville asserted claims against Westport and the other Insurers for breach of

contract, and for noncompliance with the Insurance Code provisions regarding Unfair Settlement Practices and Prompt Payment of Claims.

Westport filed a motion to dismiss Burkeville's petition about six weeks after the lawsuit commenced with the filing of Burkeville's original petition. In a memorandum of law filed in support of its motion on March 6, 2023, Westport argued Burkeville filed the lawsuit in Newton County in violation of the Policy's provision placing exclusive jurisdiction for the parties' disputes in the courts of the State of New York. Burkeville filed a response on August 7, 2023. On September 28, 2023, Westport reset the videoconference hearing date to November 29, 2023, for reasons that are not stated on the record. The trial court held a hearing on Westport's motion on November 29, 2023, more than 10 months after Westport filed the motion to dismiss. The trial court signed an order denying the motion on December 1, 2023. Westport filed its mandamus petition more than four months after the trial court signed the written order denying Westport's motion to dismiss.

## Delay in Seeking Relief

Burkeville argues that we should deny Westport's mandamus petition because Westport failed to diligently seek enforcement of the Policy's forum selection provisions. Westport counters that it filed a motion to dismiss promptly and attributes the delay to scheduling conflicts and unavailable dates due to the trial

3

court's busy calendar. Westport provides no citation to the mandamus record where it made any attempt to secure prompt consideration of its motion.

Equitable principles largely control the availability of mandamus relief. *Rivercenter Assocs. v. Rivera*, 858 S.W.2d 366, 367 (Tex.1993) (orig. proceeding). An appellate court may deny mandamus relief if the relator delayed seeking the relief sought in a mandamus petition without justification. *See id.* In *Rivercenter*, the relator waited over four months after the opposing party filed a jury demand before asserting its rights to the contract's jury waiver provisions in a commercial lease dispute. *Id.* The record revealed no justification for the delay. *Id.* The Supreme Court held the relator failed to show diligent pursuit of any right to a non-jury trial. *Id.*

The delay must be attributable to the relator. The relator in *American Airlines,* received notice of the order four months after it issued, and the preconditions for the apex deposition had not occurred at the time the Supreme Court considered the mandamus petition. *In re Am. Airlines, Inc.*, 634 S.W.3d 38, 43 (Tex. 2021) (orig. proceeding). In *General Electric Capital*, the relator's delay in seeking mandamus relief was attributable to the failure to give notice of the order by the real party in interest. *In re Gen. Elec. Capital Corp.*, 203 S.W.3d 314, 315 (Tex. 2006) (orig. proceeding).

4

Here, Westport suggests the delay in obtaining a ruling by the trial court is attributable to the trial court's busy schedule, but the mandamus record is silent regarding the reason for the delay.

"[D]elay alone does not generally establish waiver." *In re Sw. Bell Tel. Co., L.P.*, 226 S.W.3d 400, 405 (Tex. 2007) (orig. proceeding) (citation omitted). For instance, the relator in *International Profit Associates* "could have been more diligent in its efforts to have a corrected order entered," but the trial court and the real party in interest were to blame for the error and delays that hindered the relator's ability to seek mandamus relief. *Int'l Profit Assocs., Inc.*, 274 S.W.3d 672, 676 (Tex. 2009) (orig. proceeding). The appellate court will not deny mandamus relief for an unexcused delay absent some prejudice to the real party in interest. For instance, in *Oceanografia*, the record did not show prejudice where the real parties in interest incurred litigation expenses after the *forum non conveniens* motions were initially denied but their efforts could be used in the convenient forum. *In re Oceanografia, S.A. de C.V.*, 494 S.W.3d 728, 731 (Tex. 2016) (orig. proceeding).

Westport suggests that Burkeville used the extra time to receive discovery that "will undoubtedly be useful in any subsequent New York litigation Burkeville chooses to pursue." But, Burkeville explains that it proceeded with the understanding that its claims will be resolved in Newton County under Texas law and developed its legal theories accordingly.

We conclude that Westport has not shown diligent pursuit of its rights under the contractual forum selection clause, and that Burkeville has demonstrated prejudice from Westport's unexcused delay. Accordingly, we lift our stay order of April 5, 2024, and deny the petition for a writ of mandamus.

PETITION DENIED.

PER CURIAM

Submitted on May 6, 2024
Opinion Delivered October 24, 2024

Before Golemon, C.J., Johnson and Wright, JJ.