# Supreme Court of Texas

No. 23-1035

In re Greyhound Lines, Inc.,
*Relator*

On Petition for Writ of Mandamus

**PER CURIAM**

This case arises from a bus crash in Mexico. The parties dispute whether dismissal is required on grounds of forum non conveniens based on the case's limited connections to Texas. Applying the statutory factors and considering the defendant's stipulations that it will submit to the jurisdiction of Mexican courts and waive any limitations defense, we conclude that the case should be dismissed. We conditionally grant mandamus relief and order the trial court to dismiss the case subject to the conditions to which the defendant has already stipulated. The court may set additional terms and conditions on the dismissal as the interests of justice may require. *See* TEX. CIV. PRAC. & REM. CODE § 71.051(c).

# I

Maria Granados, a legal resident of Alabama and a Mexican citizen,[1] was traveling by bus from her home in Alabama to Salvatierra, Mexico. Near the city of San Luis Potosí in Mexico, the bus crashed. Maria died in the accident. The Mexican federal police responded and prepared a report. The report identified other passengers who were injured or killed, all of whom had Mexican addresses. A San Luis Potosí prosecutor investigated the accident, and Mexican officials issued Maria's death certificate.

Maria's son, also a resident of Alabama, had purchased Maria's bus ticket from Greyhound, a Delaware corporation headquartered in Dallas. Greyhound had an agreement with Estrella Blanca, a Mexican bus company, under which the two companies sold tickets for each other's services in exchange for a percentage of commissions on tickets sold. The last leg of Maria's trip was entirely in Mexico and, pursuant to that agreement, on an Estrella Blanca bus. That is the bus that crashed.

Estrella Blanca is based in Mexico City. It maintains and chooses its own routes, controls its own employees, and manages its own business. The driver of Maria's bus was an Estrella Blanca employee and is believed to be a Mexican citizen and resident. He fled after the accident and has not been found.

Members of the Granados family sued Greyhound, Estrella Blanca, and the bus driver in Dallas County District Court for breach of

---

[1] Maria lived in the United States for over thirty years and had no residence in Mexico at the time of the events underlying this case.

contract and fraudulent misrepresentation based on Greyhound's alleged failure to disclose Estrella Blanca's involvement in Maria's trip. The Granadoses also brought claims for negligence, negligence per se, negligent entrustment, hiring, training, and supervision, and wrongful death and survival. Finally, the Granadoses assert Greyhound and Estrella Blanca are vicariously liable for each other's and the bus driver's misconduct.

Greyhound—the only defendant who appeared in the suit—filed a general denial and a motion to dismiss based on forum non conveniens. Both parties provided expert testimony on Mexican law to aid in the forum non conveniens determination. Greyhound has stipulated it will submit to jurisdiction and waive the statute of limitations in Mexico.

The trial court denied the motion to dismiss, finding that San Luis Potosí courts are not "available" because (1) the statute of limitations has expired in Mexico and there is no tolling; (2) San Luis Potosí courts cannot automatically exercise jurisdiction over nonresidents of Mexico; (3) corporate witnesses associated with Greyhound are in Dallas; (4) Estrella Blanca is domiciled in Mexico City, not San Luis Potosí; and (5) according to the Granadoses' expert, a valid judgment cannot issue in Mexico without the missing driver because he is a necessary party. The trial court further found that San Luis Potosí courts are not "adequate" because (1) certain types of damages are unavailable in Mexico; (2) a Mexican court might "automatically reject the filing"; and (3) Mexican courts allow the "amparo," a kind of interlocutory appellate procedure that would likely delay final judgment. The trial court did not discuss other statutory factors.

After the trial court's ruling, and in the face of a pleading deadline, Greyhound filed a crossclaim in the alternative against Estrella Blanca for contractual indemnity. Greyhound also filed a petition for writ of mandamus in the court of appeals, challenging the denial of its forum non conveniens motion. The court of appeals denied the petition, and Greyhound petitioned this Court for mandamus relief.

## II

Under Section 71.051(b) of the Texas Civil Practice and Remedies Code, a court must "stay or dismiss [a] claim or action" if the court, "on written motion of a party, finds that in the interest of justice and for the convenience of the parties" said claim or action "would be more properly heard in a forum outside this state." TEX. CIV. PRAC. & REM. CODE § 71.051(b).[2] In making that determination, the court must consider whether:

(1) an alternate forum exists in which the claim or action may be tried;

(2) the alternate forum provides an adequate remedy;

(3) maintenance of the claim or action in the courts of this state would work a substantial injustice to the moving party;

(4) the alternate forum, as a result of the submission of the parties or otherwise, can exercise jurisdiction over all the defendants properly joined to the plaintiff's claim;

---

[2] Section 71.051 applies to personal-injury and wrongful-death suits. TEX. CIV. PRAC. & REM. CODE § 71.051(i). In other contexts, common-law forum non conveniens applies. *See In re Mahindra, USA Inc.*, 549 S.W.3d 541, 544 (Tex. 2018). The doctrines "overlap to a great extent," *id.*, and neither party has suggested we should separately analyze the contract and fraud claims here.

4

(5) the balance of the private interests of the parties and the public interest of the state predominate in favor of the claim or action being brought in an alternate forum, which shall include consideration of the extent to which an injury or death resulted from acts or omissions that occurred in this state; and

(6) the stay or dismissal would not result in unreasonable duplication or proliferation of litigation.

*Id.* Neither party bears the burden of proof on forum non conveniens; rather, "the trial court must base its decision on the greater weight of the evidence." *In re ENSCO Offshore Int'l Co.*, 311 S.W.3d 921, 927 (Tex. 2010). Mandamus relief is available if a trial court denies a forum non conveniens motion to dismiss and all the statutory factors favor dismissal. *In re Gen. Elec. Co.*, 271 S.W.3d 681, 693-94 (Tex. 2008).[3]

As a preliminary matter, we must address the standard of review for determinations of foreign law. The Granadoses assume foreign law is a fact issue, arguing that this Court should respect the trial court's implicit credibility determination regarding the parties' proffered expert witnesses on Mexican law and disregard the testimony of Greyhound's expert. To the contrary, appellate courts review determinations of foreign law de novo. TEX. R. EVID. 203(d); *Long Distance Int'l, Inc. v. Telefonos de Mex., S.A. de C.V.*, 49 S.W.3d 347, 351 (Tex. 2001). We have called Rule of Evidence 203, which governs determinations of foreign law, a "hybrid rule." *Long Distance*, 49 S.W.3d at 351. Under that rule, parties present materials and sources to prove foreign law, much as they

---

[3] This Court has not "address[ed] whether the statute requires dismissing or staying the suit if the evidence proves only that some, as opposed to all, the Section 71.051(b) factors weigh in favor of the trial court's declining to exercise jurisdiction." *ENSCO*, 311 S.W.3d at 929 n.3.

5

present evidence. *Id.*; TEX. R. EVID. 203(a)-(b). In fact, if the court goes beyond the parties' submissions, "it must give all parties notice and a reasonable opportunity to comment and submit additional materials." TEX. R. EVID. 203(c). But questions of foreign law remain questions of law for the court. *Id.* R. 203(d). Pursuant to this "hybrid" rule, the parties in this case presented expert testimony and written materials on Mexican law in the trial court. We consider those materials de novo. *Id.* R. 2.03(c)-(d); *Long Distance*, 49 S.W.3d at 351.

### A

We begin the forum non conveniens analysis by considering the nature of the claims. *See In re CEVA Ground US, LP*, No. 01-19-00760-CV, 2020 WL 1429929, at *3 (Tex. App.—Houston [1st Dist.] Mar. 24, 2020, no pet.). The Granadoses' claims fall into two categories. First, the contract and fraud claims arise from Greyhound's alleged failure to disclose that a different carrier serviced part of Maria's route. While that set of claims is not entirely centered in Mexico, the damages stem from the accident that occurred there. The Granadoses' second set of claims concern the crash and its causes. The accident, the driver's conduct, and Estrella Blanca's entrustment, training, and supervision of the driver are all centered in Mexico.

Moving to the factors, first, Mexico provides "an alternate forum . . . in which the claim or action may be tried." TEX. CIV. PRAC. & REM. CODE § 71.051(b)(1). "[A]n alternate forum exists"—i.e., is "available"—"'where the defendant is amenable to process.'" *In re Weatherford Int'l, LLC*, 688 S.W.3d 874, 880 (Tex. 2024) (quoting *ENSCO*, 311 S.W.3d at 924).

6

This Court has held that Mexico is an available forum in other cases arising out of car accidents in Mexico. *In re Bridgestone Ams. Tire Operations, LLC*, 459 S.W.3d 565, 577 (Tex. 2015); *In re Pirelli Tire, L.L.C.*, 247 S.W.3d 670, 678 (Tex. 2007) (plurality op.).[4] Further, Greyhound has stipulated to Mexican courts' jurisdiction and to waive any limitations defenses. *See Bridgestone*, 459 S.W.3d at 575, 577; *In re Oceanografia, S.A. de C.V.*, 494 S.W.3d 728, 732 (Tex. 2016); *Pirelli Tire*, 247 S.W.3d at 677. And the trial court may set additional conditions on its dismissal of the case "as the interests of justice may require, giving due regard to the rights of the parties." TEX. CIV. PRAC. & REM. CODE § 71.051(c); *Gen. Elec.*, 271 S.W.3d at 690. Such conditions may include, for example, the Mexican forum's accepting jurisdiction and Greyhound and those in its control appearing as witnesses in that forum. *See, e.g.*, *Gen. Elec.*, 271 S.W.3d at 690.

Referencing Mexican-law precedent that the Granadoses' expert witness presented, the trial court found Mexico an unavailable forum because "for any [Mexican] judgment to be valid, executed or perfected the 'bus driver' needs to be a party to the suit." But for that point, the expert relied on case summaries that would not actually prevent a Mexican court from issuing judgment in the bus driver's absence.

---

[4] Four justices joined the lead opinion in *Pirelli Tire*, which held that application of the forum non conveniens factors required dismissal. 247 S.W.3d at 679 (plurality op.). The concurring justice concluded that a different standard applies to the forum non conveniens analysis in suits by foreign plaintiffs (and required dismissal); nevertheless, the concurrence "agree[d] wholeheartedly" that application of the factors the Court utilized would "require dismissal." *Id.* at 680 (Willett, J., concurring). Thus, a majority of the Court agreed with the portions of the plurality opinion that are relevant here.

7

Rather, the summaries say the defendants in a case "must be affected by only one sentence," that mandatory parties must be "called" or "summoned," and that "a sentence shall not be dictated regarding any of the parties unless it is [resolved] for all such parties at the same time."[5] Those statements say nothing about what happens if the bus driver is "summoned" but does not appear. Greyhound, on the other hand, has presented unrefuted materials suggesting joint-and-several liability is available in Mexico and that, as a result, relief can be granted in the bus driver's absence.

The Granadoses also assert that Mexico is an unavailable forum because *the Granadoses* will not consent to jurisdiction there. But that fact is irrelevant. *E.g.*, *Morales v. Ford Motor Co.*, 313 F. Supp. 2d 672, 676 (S.D. Tex. 2004); *see also Weatherford*, 688 S.W.3d at 880 ("[A]n alternate forum exists 'where *the defendant* is amenable to process.'" (emphasis added) (quoting *ENSCO*, 311 S.W.3d at 924)). It is true that a plaintiff's forum choice is generally given "great deference." *In re Mahindra, USA Inc.*, 549 S.W.3d 541, 544 (Tex. 2018) (quoting *Pirelli Tire*, 247 S.W.3d at 675). But under forum non conveniens, "the plaintiff's choice [of forum] must sometimes yield in the public interest, and in the interest of fundamental fairness." *Id.* (quoting *Pirelli Tire*, 247 S.W.3d at 675). A plaintiff's preference against an alternate forum is a given; otherwise, he would have filed suit in that forum. Allowing plaintiffs to avoid dismissal on forum non conveniens grounds by refusing jurisdiction would greatly narrow, if not obliterate, the

---

[5] Context suggests the word "sentence" here also refers to judgments.

doctrine. And this Court has refused to deny forum non conveniens dismissal for reasons entirely "in [the plaintiff's] hands." *See Gen. Elec.*, 271 S.W.3d at 693; *Weatherford*, 688 S.W.3d at 883.

Finally, the Granadoses argue Mexican courts are unavailable because a Mexican court would have discretion to decline this case. But "the possibility an alternate forum may not accept jurisdiction does not overcome other factors weighing in favor of dismissal, particularly when a court may condition its dismissal order on the acceptance of jurisdiction by the alternate forum." *Gen. Elec.*, 271 S.W.3d at 690.

Next, a Mexican court "provides an adequate remedy." TEX. CIV. PRAC. & REM. CODE § 71.051(b)(2). An "alternate forum provides an adequate remedy if 'the parties will not be deprived of all remedies or treated unfairly, even though they may not enjoy the same benefits as they might receive in an American court.'" *Weatherford*, 688 S.W.3d at 880 (quoting *Pirelli Tire*, 247 S.W.3d at 678). "[C]omparative analyses of procedures and substantive law" are relevant only if the alternate forum "would in substance provide no remedy at all." *Gen. Elec.*, 271 S.W.3d at 688; *ENSCO*, 311 S.W.3d at 924-25; *see also Pirelli Tire*, 247 S.W.3d at 678 (explaining that this idea is rooted in "basic principles of comity" (quoting *Gonzalez v. Chrysler Corp.*, 301 F.3d 377, 381-82 (5th Cir. 2002))).

Mexican law does not provide "no remedy at all." *E.g.*, *Oceanografia*, 494 S.W.3d at 732. Certain types of monetary awards—e.g., punitive and "survival-type" damages and prejudgment interest—are not available in Mexico. But "[l]esser remedies" do not "make a forum inadequate." *See id.* The Granadoses also claim other

9

aspects of Mexican law, such as the lack of a jury trial, the availability of the "amparo," a higher causation standard, and different discovery tools, would deprive them of an adequate remedy. This Court has already rejected several of these arguments. *Pirelli Tire*, 247 S.W.3d at 678 (refusing to deem Mexican forum inadequate just because it lacked a jury and "American-style" discovery). Those we have not yet addressed fail for the same reason: courts should avoid this sort of "comparative analysis" unless the alternate forum "would in substance provide no remedy at all." *Gen. Elec.*, 271 S.W.3d at 688.[6]

The third factor also favors a non-Texas forum: "maintenance of the claim or action in the courts of this state would work a substantial injustice to the moving party." TEX. CIV. PRAC. & REM. CODE § 71.051(b)(3). Although Greyhound is headquartered in Texas, most other witnesses—Estrella Blanca officers and employees, bus passengers, investigating authorities, the bus driver, and the medical examiner—are in Mexico and thus beyond the reach of Texas's compulsory process. *See, e.g.*, *ENSCO*, 311 S.W.3d at 925; *Gen. Elec.*, 271 S.W.3d at 689. But there is no indication that those witnesses—including Estrella Blanca, regardless of whether it appears as a defendant—could not be compelled to testify in Mexican proceedings. *See Instituto Mexicano del Seguro Soc. v. Zimmer Biomet Holdings, Inc.*, 518 F. Supp. 3d 1258, 1267 (N.D. Ind. 2021) ("Mexican

---

[6] In one brief paragraph, the Granadoses contend that recent judicial reforms in Mexico will destabilize the Mexican judiciary. The same comity concerns that advise against comparative analysis generally, *see Pirelli Tire*, 247 S.W.3d at 670, strongly disfavor wading into a critique of new and contentious reforms based on such cursory argument.

10

courts . . . may compel live testimony from witnesses located in Mexico[.]"), *aff'd*, 29 F.4th 351 (7th Cir. 2022). The Granadoses note that some relevant evidence is available regardless of forum, as the accident report establishes liability and the autopsy report establishes damages. Assuming that assertion is accurate, Greyhound is still entitled to an opportunity to *refute* that proof. And even when most evidence in a case is documentary, "[t]here must still be witnesses" "to explain the events" and "the content of" the records. *Oceanografia*, 494 S.W.3d at 733; *see also Gen. Elec.*, 271 S.W.3d at 691 ("[A] promise to produce some or even most evidence does not cure the logistical problems created by lack of effective compulsory process for trial.").

The plaintiffs have been deposed, and Greyhound's corporate representatives are in Texas. But similar arguments would apply in most cases involving a defendant with Texas corporate offices or headquarters, and this Court has required forum non conveniens dismissal in at least two such cases. *See ENSCO*, 311 S.W.3d at 923; *Gen. Elec.*, 271 S.W.3d at 684. In any event, a few witnesses in the United States do not "counter the overwhelming number of Mexican connections." *Oceanografia*, 494 S.W.3d at 733.

As required by the fourth factor, "the alternate forum, as a result of the submission of the parties or otherwise, can exercise jurisdiction over all the defendants properly joined to the plaintiff's claim." TEX. CIV. PRAC. & REM. CODE § 71.051(b)(4). As noted above, Greyhound has agreed to submit to jurisdiction in Mexico. *See ENSCO*, 311 S.W.3d at 925-26. And the other defendants—Estrella Blanca and (at least

11

presumably) the bus driver—are Mexican residents subject to the jurisdiction of Mexican courts.

The fifth factor requires us to consider whether "the balance of the private interests of the parties and the public interest of the state predominate in favor of the claim or action being brought in an alternate forum." TEX. CIV. PRAC. & REM. CODE § 71.051(b)(5). Here, they do.

"[C]ourts 'take all relevant factors into consideration with regard to the public and private interest[s]'" involved. *Weatherford*, 688 S.W.3d at 881 (quoting *Gen. Elec.*, 271 S.W.3d at 692). Pertinent private interests include "ease of access to proof, the availability and cost of compulsory process, . . . and other practical" concerns regarding the efficiency and expense of trial. *Id.* (alteration in original) (quoting *Gen. Elec.*, 271 S.W.3d at 692). Relevant public interests include "administrative difficulties related to court congestion, burdening the people of a community with jury duty when they have no relation to the litigation, local interest in having localized controversies decided at home, and trying a case in the forum that is at home with the [governing] law." *Id.* at 881-82 (quoting *Gen. Elec.*, 271 S.W.3d at 692).

Private interests favor a Mexican forum for the same reasons the substantial-injustice factor does. In particular, most relevant evidence in this case is in Mexico. *ENSCO*, 311 S.W.3d at 926 (concluding the factors favored dismissal in part because "[e]ven if some witnesses are located in the United States, the fact remains that compulsory process is unavailable for the vast majority of witnesses").

Public interests also favor dismissal. Mexican law will apply to the Granadoses' personal-injury claims. To start, their negligence per se

12

claims explicitly rely on Mexican law. As to broader choice-of-law considerations in the wrongful-death context, this Court applies the Restatement's "most significant relationship" test. *Id.* at 928. The analysis considers "(1) the place where the injury occurred; (2) the place where the conduct causing the injury occurred; (3) the residence, nationality, and place of business of the parties; and (4) the place where the relationship, if any, between the parties is centered." *Id.* "[T]he local law of the state where the injury occurred" controls unless the remaining factors indicate otherwise. RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 146 (AM. LAW INST. 1971).

The injury here occurred in Mexico, so Mexican law is the default. *See id.* Two parties (Estrella Blanca and presumably the bus driver) are in Mexico, one (Greyhound) is in Texas, and one (the Granados family) is in Alabama. Even assuming the relationship between Greyhound and the Granadoses centers in Texas, as opposed to Alabama, more of the relevant relationships center in Mexico: those between Estrella Blanca, the Granadoses, and the bus driver. Accordingly, Mexican law applies to the personal-injury claims.

The parties do not address what law will govern the contract and fraud claims. But even assuming Texas law applies to them, Mexican law will govern most of the claims in this case, including the most fact-intensive claims. And other private and public interests also favor a Mexican forum. Accordingly, this factor supports dismissal.[7]

---

[7] The Granadoses argue public policy favors a Texas forum because Texas companies need to know they can "redress their grievances" in Texas. But the Texas company in this case, Greyhound, is not trying to "redress [any]

13

Finally, there is no evidence that a "stay or dismissal would . . . result in unreasonable duplication or proliferation of litigation." *See* TEX. CIV. PRAC. & REM. CODE § 71.051(b)(6). The Granadoses argue that they have litigated this case in Texas for several years and it is almost ready for trial. But they have not "demonstrated why their litigation efforts to date cannot be fully used in a trial in Mexico." *Oceanografia*, 494 S.W.3d at 731. Further, any duplication of this sort is not unreasonable. Greyhound's forum non conveniens motion was timely. *See* TEX. CIV. PRAC. & REM. CODE § 71.051(d). We decline to punish Greyhound because the trial court erroneously denied the motion and litigation has progressed since. All six factors favor dismissal, so the trial court abused its discretion in denying Greyhound's motion.

**B**

The Granadoses additionally argue that Greyhound judicially admitted proper forum in Texas and waived its forum non conveniens challenge by bringing its crossclaim against Estrella Blanca. We disagree.

First, Greyhound did not judicially admit proper forum in a Texas court. "A clear, deliberate, and unequivocal factual allegation made in a live pleading and not pleaded in the alternative constitutes a judicial admission that conclusively establishes the fact and bars the pleader

grievances" in Texas. Further, the forum non conveniens statute already accounts for this concern, stating that "[t]he court may not stay or dismiss a plaintiff's claim under Subsection (b) if the plaintiff is a legal resident of this state or a derivative claimant of a legal resident of this state." TEX. CIV. PRAC. & REM. CODE § 71.051(e).

14

from disputing it." *Lake Jackson Med. Spa, Ltd. v. Gaytan*, 640 S.W.3d 830, 839 (Tex. 2022). There are multiple problems with the Granadoses' judicial-admission argument, but the most fundamental is that the purported "admissions" are not relevant. The Granadoses identify two statements in Greyhound's crossclaim:

(1) The trial court "has jurisdiction over Estrella Blanca because it has contracted with Greyhound in Texas to, inter alia, defend, indemnify, and hold harmless Greyhound" "for claims and litigation brought in the United States against Greyhound motivated by Estrella Blanca's actions or omissions."

(2) "Dallas County is a county of proper venue because the breach of Defendant Estrella Blanca's contractual indemnity and defense obligations occurred in Dallas County."

Both statements relate to Greyhound's claims against Estrella Blanca, which in turn are based on Estrella Blanca's contractual obligation to indemnify Greyhound for this litigation. Whether failure to indemnify for litigation *in Texas* took place in Dallas is entirely separate from the facts supporting a forum non conveniens finding in the underlying case.

Second, Greyhound did not waive its forum non conveniens challenge. "Generally, 'waiver' consists of the intentional relinquishment of a known right or intentional conduct inconsistent with claiming that right." *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016). Preserving a crossclaim in case a forum non conveniens motion fails, especially when the trial court has already denied that motion, is not inconsistent with claiming a right to forum non conveniens dismissal.

In a somewhat analogous context, we have held that a party can waive its right to arbitrate a dispute by "substantially invoking the judicial process to the other party's detriment or prejudice." *Id.* at 713 (quoting *In re ADM Inv. Servs., Inc.*, 304 S.W.3d 371, 374 (Tex. 2010)). Even assuming a similar standard applies here, "[s]ubstantial invocation and resulting prejudice must both occur to waive the right," *id.*, and neither has occurred here. We have held that a party does not waive its right to arbitration merely by "fil[ing] cross-actions" in pending litigation. *G.T. Leach Builders, LLC v. Sapphire V.P., LP*, 458 S.W.3d 502, 513 (Tex. 2015). We have also explained that a "party's litigation conduct aimed at defending itself and minimizing its litigation expenses, rather than at taking advantage of the judicial forum, does not amount to substantial invocation of the judicial process." *Id.* And the Granadoses have not argued they are prejudiced by Greyhound's assertion of a crossclaim against Estrella Blanca.

### III

Each forum non conveniens factor weighs in favor of dismissing this case for it to be heard in a non-Texas forum. Further, Greyhound has stipulated to the jurisdiction of the Mexican courts and to waive any limitations defenses. Finally, Greyhound did not judicially admit that Texas is a proper forum or waive its forum non conveniens challenge. Accordingly, without hearing oral argument, we conditionally grant mandamus relief. TEX. R. APP. P. 52.8(c). We order the trial court to vacate its order denying Greyhound's forum non conveniens motion and to dismiss the claims against Greyhound. The trial court may set additional terms and conditions on that dismissal "as the interests of

16

justice may require, giving due regard to the rights of the parties." TEX. CIV. PRAC. & REM. CODE § 71.051(c). A writ will issue only if the trial court fails to comply.

**OPINION DELIVERED:** May 23, 2025