**GENERAL STAR INDEMNITY COMPANY, Appellant,**

v.

**SPRING CREEK VILLAGE APARTMENTS PHASE V, INC. and Lasalle National Bank, Trustee, Appellees.**

No. 14–02–00998–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 30, 2004.

---

Warren W. Harris, William M. Briscoe, Houston, for appellant.

Brian Keller, Dax O. Faubus, Grant Cook, Houston, Scott P. Stolley, Dallas, for appellees.

Panel consists of Justices FOWLER, EDELMAN and SEYMORE.

## OPINION

CHARLES W. SEYMORE, Justice.

General Star Indemnity Company ("General Star") appeals a judgment in favor of Spring Creek Village Apartments ("Spring Creek") on the grounds that (1) the trial court erred in granting partial summary judgment ordering that the appraisal award was binding as to the amount of loss, (2) the evidence is insufficient to support the jury's finding that General Star failed to comply with the insurance policy, (3) the trial court erred in directing a verdict on the issue of mitigation of damages, (4) the trial court erred in rendering judgment on the jury's verdict that General Star violated provisions of the Texas Insurance Code and the Deceptive Trade Practices Act ("DTPA"), (5) the trial court erred in awarding damages based on replacement cost value, and (6) the trial court erred in severing claims against Reliance Insurance Company. In a cross-point of error, Spring Creek contends the trial court erred in rendering summary judgment against Spring Creek on its common-law bad faith claim. Because we find fact issues with regard to whether Spring Creek's appraiser was impartial, we reverse the judgment and remand for proceedings consistent with this opinion. We affirm the summary judgment on Spring Creek's bad faith claim.

### BACKGROUND

On February 10, 1998, a windstorm caused damage to the Spring Creek Village Apartments. Spring Creek had primary insurance coverage with Reliance Insurance Company of Illinois ("Reliance") for property damage and loss of business income up to $1 million. Spring Creek also had excess coverage exceeding the $1 million primary policy limit through General Star. By its terms, the General Star policy only applied after the coverage pro-vided by Reliance was exhausted. Otherwise, the General Star policy followed the terms, conditions, and definitions of coverage and recovery stated in the Reliance policy.

Spring Creek filed a claim for property damage and loss of business income, as a result of the windstorm, with Reliance. Because Spring Creek and Reliance could not agree on the amount of loss, Spring Creek invoked the appraisal provision of the Reliance primary policy, which provides that if Reliance and Spring Creek disagreed as to the amount of loss, either party could demand an appraisal. Pursuant to the appraisal provision, both parties were required to "select a competent and impartial appraiser," and the two appraisers would select an umpire. A decision agreed to by any two of the three would be binding as to the amount of loss. Because General Star owed no obligation to Spring Creek until the loss exceeded $1 million, General Star did not participate in the appraisal process.

Spring Creek hired Steve Edwards d/b/a City Wide Construction as its appraiser; Reliance hired John Lochridge, and Lynn Taylor was selected as the umpire. Edwards estimated the amount of loss to Spring Creek at $5,286,000. Lochridge estimated the amount of loss at $367,842. The umpire issued an award that found replacement cost value of the loss to be $2,105,790.98 and actual cash value to be $1,566,673.51.

Reliance subsequently filed a declaratory judgment action seeking to have the appraisal award declared invalid. Reliance contended the appraisal award contained items not covered under the policy and that the umpire exceeded his authority in making causation and coverage determinations. Spring Creek filed a counterclaim seeking enforcement of the award.

Several months later, Spring Creek filed a third-party action against General Star. LaSalle National Bank ("LaSalle"), Spring Creek's lender, intervened and sued Reliance.[1]

In November 2000, the trial court granted a partial summary judgment in favor of Spring Creek that the appraisal award was binding. The trial court's ruling left undecided the question of whether Spring Creek had failed to mitigate its damages. The trial court subsequently bifurcated the trial of Spring Creek's remaining causes of action. Spring Creek's claim that Reliance and General Star had breached their contracts was tried separately from Spring Creek's claim that the insurance companies had violated provisions of the Insurance Code and the DTPA. In December 2000, the trial court granted a summary judgment in favor of General Star that Spring Creek had no cause of action against General Star for breach of the duty of good faith and fair dealing.

In the first trial, the jury found in favor of Spring Creek on its breach of contract claims and awarded damages for loss of business income and attorneys' fees. The judgment further awarded Spring Creek replacement cost value based on the appraisal award. Following the first trial, a Pennsylvania court declared Reliance insolvent and placed it in liquidation. Pursuant to the Pennsylvania court's order, the Texas Commissioner of Insurance designated Reliance as an impaired insurer. See TEX. INS.CODE ANN. art. 21.28–C, § 17 (Vernon Supp. 2004–05). On Spring Creek's motion, the trial court severed Reliance from the case and permitted the extra-contractual claims to proceed against General Star. In the second trial, the jury found that General Star violated provisions of the Texas Insurance Code and the DTPA. The trial court entered a final judgment in which it awarded Spring Creek damages pursuant to the appraisal award, penalties under the Insurance Code and the DTPA, and attorneys' fees.

## SPRING CREEK'S PARTIAL SUMMARY JUDGMENT

In its first issue, General Star contends the trial court erred in granting partial summary judgment that the appraisal award was binding. Spring Creek filed a motion for partial summary judgment seeking to enforce the provision of its insurance contract that expressed the appraisal award is binding as to the amount of loss. General Star responded to the motion asserting fact issues with respect to whether (1) Spring Creek breached its contract by failing to select an impartial appraiser, (2) the appraisal award included damage that was excluded from coverage or not caused by the storm, and (3) the umpire exceeded his authority under the policy. The trial court granted the partial summary judgment, but left open the issue of whether Spring Creek had acted to mitigate its damages.

### Standard of Review

We review a traditional summary judgment to determine whether the record establishes there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. TEX.R. CIV. P. 166a(c); Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548 (Tex.1985). In deciding whether the summary judgment record established the absence of a genuine issue of material fact, we view as true all evidence favorable to the non-movant and indulge every reasonable inference, and

---

1. After the first trial, Spring Creek's owner, Creekwood Landing Corporation, sold the Spring Creek complex. Because LaSalle had no further interest in the suit after the sale, it assigned its attorneys' fees award to Spring Creek.

resolve all doubts, in its favor. *Nixon*, 690 S.W.2d at 548–49. The non-movant can defeat summary judgment by producing evidence sufficient to raise a fact issue. *Walker v. Harris*, 924 S.W.2d 375, 377 (Tex.1996).

■■ An appraisal award made under the terms of an insurance policy is generally binding as to the amount of loss. *Gardner v. State Farm Lloyds*, 76 S.W.3d 140, 142 (Tex.App.—Houston [1st Dist.] 2002, no pet.). An appraisal award may be disregarded when it was (1) not made in substantial compliance with the policy, (2) the result of fraud, accident, or mistake, or (3) made without authority. *Id.; Wells v. Am. States Preferred Ins. Co.*, 919 S.W.2d 679, 683 (Tex.App.—Dallas 1996, writ denied). Although every reasonable presumption will typically be made in favor of an appraisal award, in reviewing a summary judgment this rule "must yield to the degree its application conflicts with the presumptions required to be made in favor of a non-movant." *Hennessey v. Vanguard Ins. Co.*, 895 S.W.2d 794, 798 (Tex. App.—Amarillo 1995, writ denied).

### Financial Interest of Spring Creek's Appraiser

■ The insurance contract between Reliance and Spring Creek contains an appraisal provision, which provides that if the parties disagree on the amount of loss, "each party will select a competent and impartial appraiser." Attached to General Star's response to Spring Creek's motion for summary judgment is the appraisal agreement entered into between Spring Creek and Steve Edwards d/b/a City Wide Construction. In that agreement, Spring Creek agrees to "compensate City Wide for its time and costs incurred in this process, for an amount not to exceed [five] (5%) percent of the gross settlement amount." Spring Creek further agreed to compensate City Wide for additional time and costs as follows: "In the event that the minimum gross settlement amount of the Spring Creek Village Apartments, Phase V., Inc's loss is at least TWO MILLION ($2,000,000.00) DOLLARS, Spring Creek hereby agrees to reimburse City Wide for its additional time and costs and hereby assigns those costs to City Wide, per its final invoice, up to but not in excess of, Six (6%) percent of the gross settlement amount. Additionally, for every million dollars awarded above Two Million Dollars, City Wide will be entitled to reimbursement for its time and costs for appraising that additional amount but not in excess of another one (1%) percent of the gross settlement amount[.]"

■ Because Edwards had a financial interest in insuring the appraisal award exceeded $2 million, General Star raised a fact issue with regard to whether Edwards was impartial. An appraiser with a financial interest in the outcome of the appraisal is not impartial. *Delaware Underwriters v. Brock*, 109 Tex. 425, 211 S.W. 779, 780–81 (1919); *cf. Gardner*, 76 S.W.3d at 143 (in finding appraiser impartial, court noted he did not have a financial interest in the claim); *see also Central Life Ins. Co. v. Aetna Cas. & Surety Co.*, 466 N.W.2d 257, 261–62 (Iowa 1991) ("The appointment of an appraiser with a concealed pecuniary interest in the outcome is a sufficient ground for voiding the award as a matter of law without a showing of prejudice."). The question of Edwards's lack of impartiality raised a fact question, which should have been submitted to a jury. If the jury finds the appraiser is impartial, it follows that the appraisal award was not in compliance with the insurance policy and is not binding.

Spring Creek contends all appraisers are "partisans, within bounds," and Edwards's financial interest in the outcome of the appraisal does not show Edwards was

impartial in contravention of the insurance contract. Spring Creek contends the contingent fee was merely a method to control the costs of the appraiser by placing a cap on the amount Edwards could earn. While an appraiser may represent the party appointing him, the addition of a pecuniary interest in the appraisal award raises a fact issue with regard to Edwards's impartiality.

Spring Creek further argues that if General Star has raised a fact issue, it has not raised a genuine issue of *material* fact because it failed to meet its burden of showing it was prejudiced by Edwards's impartiality. The summary judgment proof shows Reliance's appraiser determined the amount of loss to be $367,842; Edwards found the amount of loss to be $5,286,000. Edwards's fee increased if he estimated the loss at over $2 million and increased further for each $1 million above $2 million. Taylor, the umpire, submitted an affidavit in which he stated he relied, in part, on the appraisers' determinations of loss in issuing his award. General Star, as an excess insurer, would not be liable for any amount under $1 million. The disparity between the two appraisals is sufficient to show that General Star was prejudiced if Edwards lacked impartiality. We find General Star raised a genuine issue of material fact with regard to whether Spring Creek's appraiser was impartial in compliance with the insurance policy. Therefore, the trial court erred in granting partial summary judgment.

### GENERAL STAR'S SUMMARY JUDGMENT

■ In a conditional cross-point, Spring Creek contends the trial court erred in granting summary judgment dismissing Spring Creek's claim that General Star breached the duty of good faith and fair dealing. General Star moved for summary judgment on Spring Creek's common-law bad faith claim on the ground that the duty of good faith and fair dealing does not apply to an excess carrier. No Texas court has applied the duty of good faith and fair dealing to an excess insurer. *Emscor Mfg., Inc. v. Alliance Ins. Group,* 879 S.W.2d 894, 909 (Tex.App.—Houston [14th Dist.] 1994, writ denied). Spring Creek admits Texas law does not impose a duty of good faith on an excess carrier, but contends, without citation to authority, that we should impose this duty on General Star. As an intermediate court, we decline Spring Creek's invitation to forge a new cause of action. Because Texas law does not impose a duty of good faith and fair dealing on an excess carrier, we conclude the trial court properly granted summary judgment. That portion of the trial court's judgment is affirmed.

### CONCLUSION

Because we find error in the partial summary judgment, we reverse the remainder of the trial court's judgment. General Star is an excess insurer and only liable to Spring Creek if the amount of loss exceeds $1 million. The first jury trial on breach of contract was premised on the summary judgment that the appraisal award was binding and Spring Creek was entitled to recover more than $1 million. The second jury's findings in the trial of Insurance Code and DTPA violations were premised on the first jury's finding that General Star breached the contract. Therefore, until the question of the binding nature of the appraisal award is determined, General Star is not liable under its excess insurer policy. The judgment of the trial court is reversed and remanded for proceedings consistent with this opinion. The summary judgment in favor of General Star is affirmed.

EDELMAN, J., concurs in result only.